# In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 05-3031

PEDRO MEDELLIN-REYES,

*Petitioner,*

*v.*

ALBERTO R. GONZALES, Attorney General
of the United States,

*Respondent.*

---

No. 05-4438

RICARDO TORRES-ACOSTA,

*Petitioner,*

*v.*

ALBERTO R. GONZALES, Attorney General
of the United States,

*Respondent.*

---

Petitions for Review of Orders of the
Board of Immigration Appeals

---

SUBMITTED JANUARY 5, 2006—DECIDED JANUARY 24, 2006

---

Before EASTERBROOK, ROVNER, and WILLIAMS, *Circuit Judges.*

PER CURIAM. These two proceedings began when aliens who were awaiting removal filed petitions for writs of

habeas corpus. See *INS v. St. Cyr*, 533 U.S. 289, 298-314 (2001). Before either district court had reached a final decision, the Real ID Act of 2005 went into force, eliminating the jurisdiction on which these petitions rested. Section 106(a) of the new law, 119 Stat. 231, 310-11 (May 11, 2005), amends several provisions of the United States Code to foreclose the use of 28 U.S.C. §2241 to obtain review of removal orders and their implementation. Section 106(c) is a transition rule:

> If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply.

Each district court transferred the matter to us under this subsection.

In 1995 an immigration judge ordered Ricardo Torres-Acosta deported to Mexico. He waived his right to review by the Board of Immigration Appeals and was deported as ordered. Since then he has repeatedly reentered the United States by stealth and, when caught, has been summarily

returned on the authority of the 1995 order. His most recent re-entry led to criminal prosecution and conviction. While serving his sentence of 70 months' imprisonment, Torres-Acosta filed the petition under §2241 that has been transferred to us. We "treat the transferred case as if it had been filed pursuant to a petition for review under . . . section 242". The problem is that §242 permits a petition for review only after the Board of Immigration Appeals has rendered a decision, see §242(d)(1), 8 U.S.C. §1252(d)(1), and Torres-Acosta never sought review by the Board—not in 1995, not by a belated request any time since.

Nothing in the Real ID Act or §242 authorizes courts of appeals to review immigration judges' decisions. The Attorney General therefore has asked us to dismiss the petition. Exhaustion of administrative remedies was a requirement long before the Real ID Act. Instead of using those remedies, Torres-Acosta waived them. He blames his lawyer (actually a law student under a teacher's supervision) for not doing a better job in 1995 but has not taken any of the steps that the Board requires to obtain reconsideration based on ineffective assistance of counsel. See *Matter of Lozada*, 19 I&N Dec. 637 (1988); *Matter of Assaad*, 23 I&N Dec. 553 (2003). And his assertion that he might be able to obtain citizenship derivatively through his mother not only is unsupported by evidence but also is beside the point. Whatever Torres-Acosta *might* be able to do, he has not actually done. He is not a citizen of the United States and is not entitled to be here. The motion to dismiss is granted.

Pedro Medellin-Reyes entered the United States lawfully in 1991 but within 18 months had been convicted of possessing cocaine with intent to distribute that drug. Immigration officials began deportation proceedings based on that conviction. He sought discretionary relief under §212(c), 8 U.S.C. §1182(c), but the immigration judge denied that application after learning that in 1995 Medellin-Reyes

was convicted of another cocaine offense. By the time the IJ rendered his decision, the Antiterrorism and Effective Death Penalty Act of 1996 had amended the immigration laws to preclude §212(c) relief for aliens convicted of multiple drug crimes. The Board of Immigration Appeals dismissed his appeal in 1997, stating that Medellin-Reyes is ineligible for discretionary relief. He did not seek judicial review of that decision—but he did remain in the United States, apparently because he is still in prison, and in 2004 filed the petition that has been transferred to us.

Medellin-Reyes contends that he is entitled to a remand so that the agency may decide whether to permit him to stay notwithstanding his convictions. The basis of this request is another portion of *St. Cyr*, 533 U.S. at 314-26, holding that the 1996 legislation does not apply to aliens whose convictions rest on pre-enactment guilty pleas. That portion of *St. Cyr*, unlike the portion concerning the use of §2241 to obtain review by district courts, has not been affected by intervening legislation. The Attorney General agrees with Medellin-Reyes's position and has asked us to send the matter back to the Board.

We asked the parties for supplemental memoranda because Medellin-Reyes's long delay in seeking any judicial review raised a jurisdictional question. *Stone v. INS*, 514 U.S. 386 (1995), holds that the time limit for a petition to review the Board's order is jurisdictional. Medellin-Reyes let that time pass in 1997 without action. If his 2004 collateral attack is treated as a belated petition, it is untimely. The parties agree, however, that the last clause of §106(c) makes *Stone* inapplicable. Here is the full last sentence: "The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply." Subsection (b)(1) contains the time limit, which therefore "shall not apply." This means that all collateral proceedings pending on May 11, 2005, when the

Real ID Act took effect, and transferred to courts of appeals under §106(c), must be treated as timely petitions for review, no matter how long it has been since the Board rendered its decision. Collateral proceedings filed on or after May 11, however, will be dismissed outright; the window for belated judicial review has closed.

We therefore grant the petition filed by Medellin-Reyes, No. 05-3031, and remand with instructions that the agency consider on the merits his application for §212(c) relief. See *INS v. Ventura*, 537 U.S. 12 (2002). The petition filed by Torres-Acosta, No. 05-4438, is dismissed.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*
