**ZAI LONG CHEN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–3670–AG.**

United States Court of Appeals, Second Circuit.

Feb. 23, 2006.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

Douglas B. Payne, New York, New York, for Petitioner.

Susan W. Brooks, United States Attorney, Winfield D. Ong, Assistant United States Attorney, Indianapolis, Indiana, for Respondent.

PRESENT: Hon. AMALYA L. KEARSE, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

**SUMMARY ORDER**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 23rd day of February, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the order of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Petitioner Zai Long Chen petitions for review of an order of the BIA affirming the decision of an Immigration Judge ("IJ") ordering Chen's removal to China and denying his application for CAT relief. This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004). We assume the parties' familiarity with the facts and procedural history of the case.

█ The IJ's finding that Chen had failed to meet his burden of proof was supported by substantial evidence. Chen failed to corroborate his testimony that he had been smuggled from China to the United States, and had used another person's passport for his travels. It was not unreasonable for the IJ to conclude that Chen did not establish that it was illegal for him to travel outside of China, or that his parents had, in fact, hired the smuggler to organize his travel plans, or that Chinese officials specifically intended to torture persons who had left China illegally and those who violated Chinese family planning policies. The IJ reasonably concluded that Chen, therefore, had not established a clear probability that he would be tortured upon his return to China.

█ Additionally, the IJ's refusal to reinstate Chen's applications for asylum and withholding of removal did not constitute an abuse of discretion. At the February 2000 hearing, the IJ questioned Chen regarding his request to withdraw his asylum and withholding of removal claims sufficiently for the IJ to make a reasonable determination that Chen's withdrawal of those claims was knowing, voluntary, and uncoerced.

█ Chen's arguments regarding his ineffective assistance of counsel claim also fail. Although the lead attorney of the firm which had represented Chen before the IJ when Chen withdrew his asylum and withholding applications was later allegedly disbarred, Chen was represented by a different attorney, presumably in good standing at the bar, from that law firm at the February 2000 hearing. Substantial evidence also exists to support the BIA's determination that Chen has failed to show that the result of his proceedings would have been different, but for his attorney's allegedly ineffective representation. *See Matter of Assaad*, 23 I. & N. Dec. 553, 561, 2003 WL 327497 (BIA 2003) (the alien must demonstrate actual prejudice resulting from former counsel's allegedly ineffective representation.). Chen's arguments fail in this regard, because: (1) at a January 2001 hearing, the withdrawal of his claims of asylum and withholding of removal had been reaffirmed, without objection, by different counsel from the one whose assistance Chen claimed to be ineffective; and (2) the BIA was not without substantial evidence to conclude that Chen failed to demonstrate, through evidence or testimony, that his claims for asylum and withholding of removal would have otherwise succeeded.

For the forgoing reasons, Chen's petition is hereby DENIED. Our review having been completed, the stay of removal previously granted in this matter is hereby vacated. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).