NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 17 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIE TIAN, <br><br>              Petitioner, <br><br>   v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br>              Respondent. | No. 23-1418 <br><br> Agency No. <br> A089-742-188 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2024[**]

Before: OWENS, LEE, and DESAI, Circuit Judges.

Jie Tian petitions for review of the BIA's denial of his motion to reissue its

2017 decision. In 2017, the BIA denied Tian's appeal and affirmed the IJ's denial of

asylum, withholding of removal, and CAT protection. Three years later, Tian filed a

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion to reopen and reissue the BIA's 2017 decision, which the BIA denied. Tian filed his second motion to reissue a few months later.

In his second motion to reissue, Tian alleged that he was deprived of the ability to appeal the BIA's 2017 decision due to ineffective assistance of counsel ("IAC"). Specifically, he argued that his counsel caused him to miss the deadline to appeal to this court by failing to inform him of the BIA's 2017 decision. In support of his motion, Tian attached a declaration stating that he hired Attorney James L. Andion to represent him in his first appeal to the BIA and did not receive updates from Andion when the BIA denied the appeal. Tian alleged that he did not learn of the BIA's 2017 decision until three years later. He also alleged that it was not until this point that he learned that another attorney, Egon Mittelmann—who he did not know—submitted the first motion to reopen on his behalf and forged his signature on supporting documents.

Along with this declaration, Tian submitted his state bar complaints against Andion and Mittelmann. In his complaint against Mittelmann, Tian contradicted his motion to reopen and declaration by stating that he spoke with Mittelmann about reopening his case and that he followed Mittelmann's advice regarding the motion to reopen. Finally, Tian did not argue in his motion that he is eligible for any relief from removal, or that there was an error in the IJ's decision.

The BIA denied the motion to reissue, finding that Tian did not demonstrate

an exceptional situation that would warrant reopening his proceedings. The BIA found that Tian's motion was untimely and he was not entitled to equitable tolling because he failed to comply with *Matter of Assaad*, 23 I. & N. Dec. 553 (BIA 2003) and *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). It also found Tian's IAC claim unpersuasive and internally inconsistent.

We review the denial of a motion to reopen or reissue for abuse of discretion. *Hernandez-Velasquez v. Holder*, 611 F.3d 1073, 1077 (9th Cir. 2010); *Coyt v. Holder*, 593 F.3d 902, 904 n.1 (9th Cir. 2010) (stating motion to reissue is treated as motion to reopen). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

A motion to reopen or reissue a decision must be filed with the BIA within ninety days after the mailing of the Board's decision. 8 C.F.R. § 1003.2. The ninety-day deadline may be excused in instances where petitioners missed their filing deadline due to ineffective assistance of counsel. *Matter of Lozada*, 19 I. & N. Dec. at 637; *see In re Assaad*, 23 I. & N. Dec. at 554. A petitioner bringing an IAC claim must (1) submit an affidavit detailing his agreement with counsel regarding his legal representation; (2) inform counsel of the IAC allegations and give counsel the opportunity to respond; and (3) file a complaint with the appropriate disciplinary authorities, such as a state bar, or explain why no such filing was made. *Matter of Lozada*, 19 I. & N. Dec. at 637. Separately, petitioner must show that his counsel's

performance was deficient and that he was prejudiced by the actions or inactions of counsel. *Iturribarria v. I.N.S.*, 321 F.3d 889, 899–901 (9th Cir. 2003); *In re Assaad*, 23 I. & N. Dec. at 556. Generally, "the BIA does not abuse its discretion when it denies a motion to remand or reopen based on alleged ineffective assistance of counsel where the petitioner fails to meet the requirements of *Lozada*." *Castillo-Perez v. I.N.S.*, 212 F.3d 518, 525 (9th Cir. 2000).

Here, we assume without deciding that Tian complied with the *Lozada* factors. However, he still cannot prevail on his untimely motion to reissue based on IAC because he has "made no showing in his motion alleging ineffective assistance of counsel that he is eligible for any relief from removal, or that there was error in the Immigration Judge's decision." *In re Assaad*, 23 I. & N. Dec. at 562; *see Iturribarria*, 321 F.3d at 902–03. Accordingly, we find that Tian has not shown that he was prejudiced by Andion's conduct. *Iturribarria*, 321 F.3d at 902–03 (denying petition where petitioner complied with *Matter of Lozada* requirements but did not demonstrate alleged deficient representation prejudiced his case).

The petition is **DENIED.**