**Paloke TANAZI and Erlis Tanazi, Petitioners,**

v.

**John ASHCROFT, Attorney General of the United States of America, Respondent.**

No. 02–4200.

United States Court of Appeals, Sixth Circuit.

Aug. 5, 2004.

---

Richard A. Kulics, Birmingham, MI, for Petitioner.

Papu Sandhu, Daniel E. Goldman, Emily A. Radford, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondents.

Before KEITH and CLAY, Circuit Judges; and O'MEARA, District Judge.*

O'MEARA, District Judge.

Petitioners Paloke Tanazi and his son, Erlis Tanazi, petition for review of a final order of removal issued by the Board of Immigration Appeals ("BIA"). Petitioners are natives and citizens of Albania who entered the United States on November 1, 2000. On March 12, 2001, the INS issued notices alleging that Petitioners were removable as aliens present in the United States without being admitted or paroled. Petitioners conceded removability but applied for asylum, withholding of removal, and withholding under the Convention Against Torture. On June 5, 2001, an immigration judge ("IJ") denied Petitioners' application. Petitioners filed an appeal of the IJ's decision to the BIA. On October 4, 2002, the BIA affirmed the IJ's decision. Petitioners subsequently filed the instant petition for review. For the reasons set forth below, their petition is **DENIED.**

### BACKGROUND

Paloke Tanazi ("Petitioner" or "lead Petitioner") and his family have been persecuted by the communists in Albania since 1945. In 1976, Petitioner and other family members were put into an internment camp for ten years. After his release in 1986, Petitioner performed agricultural work. In 1989, Petitioner became involved

---

* The Honorable John Corbett O'Meara, United States District Court for the Eastern District of Michigan, sitting by designation.

in politics and the democratic movement against communism. Petitioner held local offices on behalf of the Albanian Democratic Party and attended multiple political demonstrations. Petitioner claims that as a result of his involvement in politics, he was arrested, beaten, and/or mistreated on several occasions.

Petitioner became a police officer after the Albanian Democratic Party came to power in 1992. In 1997, Petitioner lost his job after the accession of the Socialist Party. After his termination, Petitioner sought an explanation as to why he was fired. The "chairman" in charge of local police refused to provide an explanation and Petitioner refused to leave the chairman's office. Petitioner claims he was subsequently arrested, detained for six hours, and beaten.

After leaving the police force, Petitioner opened a "variety" store while still continuing his Albanian Democratic Party activities. Petitioner claims that he "faced problems and one threat after another." J.A. at 116. Petitioner specifically recalls being assaulted by four armed, masked men who appropriated the store goods he was carrying and threatened further violence if he continued his involvement with the Party. Petitioner claims that he ultimately terminated his business in early 2000 because of the duress.

Petitioner claims that he was next harmed when the police grabbed him after a political meeting in January 2000. Petitioner alleges that he was detained and beaten for six days. Petitioner also claims that he was mistreated during the October 1, 2000 elections. Petitioner asserts that it was these events that triggered his departure from Albania with his son.

Petitioners entered the United States from Canada on November 1, 2000. On March 12, 2001, the INS issued Notices to Appear, alleging that Petitioners were removable pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"); 8 U.S.C. § 1182(a)(6)(A)(i), as aliens present in the United States without being admitted or paroled. Petitioners conceded removability but applied for asylum, withholding of removal, and withholding under the Convention Against Torture ("CAT").

## I. The Decision Of The Immigration Judge

On June 5, 2001, the IJ denied Petitioners' application for asylum, withholding of removal, and deferral of removal under the CAT. The IJ noted that Petitioners conceded removability and sought relief based upon lead Petitioner's allegation of persecution by the communist and later socialist regimes in Albania. The IJ then reviewed the legal standards for asylum, withholding of removal, and protection under CAT. The IJ found lead Petitioner was not credible "with respect to the most recent triggering events that caused him to come to the United States." [2] J.A. at 57. The IJ also noted several problems with Petitioners' documentary evidence.

Significantly, the IJ found that Petitioners had established persecution only "in the communist era," and that lead Petitioner had last been persecuted in 1991, before the fall of communism in Albania. J.A. at 54. The IJ found that the fall of communism constituted a "fundamental change" in country conditions. *Id.* Accordingly, the IJ held that Petitioners were "not entitled to a presumption of future persecution." *Id.*

---

**2.** Lead Petitioner, Paloke Tanazi, testified in support of his and his son's application for

relief. Lead Petitioner's son, Erlis, the second Petitioner, did not testify before the IJ.

## II. The Decision Of The Board Of Immigration Appeals

Petitioners appealed the decision of the IJ to the Board of Immigration Appeals. On October 4, 2002, the BIA affirmed the decision of the IJ. In a *per curiam* opinion, the BIA stated,

The Immigration Judge's decision dated June 5, 2001, is affirmed. We agree with the Immigration Judge that the lead [Petitioner] did not establish an adequate, credible objective basis for a finding that he and, through him, the minor [Petitioner] qualify for a grant of asylum, withholding of removal, or protection under Article 3 of the Convention Against Torture. The [Petitioner] has raised no arguments on appeal which would cause us to reverse the Immigration Judge's decision. The appeal is dismissed.

J.A. at 7.

### *ANALYSIS*

Petitioners seek review of the Board of Immigration Appeals' final order for two primary reasons. First, Petitioners challenge the adverse credibility findings and denial of relief by the IJ. Second, Petitioners argue that the BIA's issuance of a "summary affirmance" constitutes a failure to engage in meaningful review in violation of Petitioners' Fifth Amendment rights to due process. For the reasons set forth below, Petitioners' arguments must fail.

### I. Standard of Review

We review questions of law involving immigration proceedings *de novo*. *Huicochea–Gomez v. INS*, 237 F.3d 696, 699 (6th Cir.2001). Judicial review is restricted to the administrative record. 8 U.S.C. § 1252(b)(4)(A). The BIA's determination that Petitioners are ineligible for asylum or withholding of deportation must be upheld if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (citations omitted). In order to reverse the BIA's determinations, "the reviewing court must find that the evidence not only supports a contrary conclusion, but indeed compels it." *Klawitter v. INS*, 970 F.2d 149, 152 (6th Cir.1992)(citing *Elias–Zacarias*, 502 U.S. at 481).

### A. Asylum

"Disposition of an application for asylum requires a two-step inquiry; first, whether the petitioner is a 'refugee' within the meaning of the [Immigration and Nationality Act], and second, whether the petitioner merits a favorable exercise of discretion by the Attorney General." *Perkovic v. INS*, 33 F.3d 615, 620 (6th Cir.1994). A "refugee" is a person who is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995) (citations and quotation marks omitted).

If the alien does not prove past persecution, or if that evidence is rebutted because of a fundamental change in country conditions, no presumption of future persecution exists. 8 C.F.R. § 208.13(b)(1). "Instead, the applicant must show a good reason to fear future persecution by adducing credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution." *Molina–Estrada v. INS*, 293 F.3d 1089, 1094 (9th Cir.2002) (citations and internal punctuation omitted); *see also Mgoian v. INS*, 184 F.3d 1029, 1035 (9th Cir.1999) ("An asylum applicant's well-founded fear of persecu-

tion must be both subjectively genuine and objectively reasonable to qualify for asylum").

## B. Withholding of Removal

Removal will be withheld to a particular country "if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). "The standard [of proof] for withholding of removal is more stringent than the well-founded fear standard of asylum in that it requires the applicant to show a greater likelihood of persecution." *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001). To qualify for withholding of removal, the alien must prove a "clear probability" of persecution, *INS v. Stevic*, 467 U.S. 407, 412, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984), or that "it is more likely than not" that she will be persecuted on account of an enumerated ground. 8 C.F.R. § 208.16(b).

## II. There Is Substantial Evidence To Support The Decision Of The Immigration Judge

Petitioners raise several challenges to the decision of the IJ denying their application for asylum and withholding of removal.[3] First, Petitioners argue that they were entitled to the rebuttable presumption of a well-founded fear of future persecution. Second, Petitioners contend that the IJ ignored contradictions in "country materials." Lastly, Petitioners claim that the IJ misinterpreted lead Petitioner's testimony.

Petitioners argue that the IJ erred by failing to analyze "whether due to Petition-er's past persecution that he has a well-founded fear of future persecution." Pet. Br. at 16. Petitioners contend that they were entitled to the presumption of future persecution because lead Petitioner was persecuted in the past under the communist regime.

If an alien does not prove past persecution, or the evidence is rebutted because of change country conditions, no presumption of future persecution exists. 8 C.F.R. § 208.13(b)(1). In this case, the IJ found that "the only persecution established is within the communist regime," with lead Petitioner last suffering persecution in 1990 or 1991. J.A. at 54. The IJ further stated, "Things have changed and [Petitioner] has not proven any persecution after that." *Id.* The IJ held that the subsequent fall of communism was a "fundamental change in circumstance" in Albania. *Id.* Accordingly, the IJ properly held that because there was a fundamental change in country conditions, Petitioners were "not entitled to the rebuttable presumption" of a well-founded fear of future persecution. J.A. at 55; 8 C.F.R. § 208.13(b)(1).

Petitioners' remaining arguments essentially challenge the factual conclusions reached by the IJ. It is not enough, however, for Petitioners to argue that the IJ could have drawn different inferences, or that this court should substitute its judgment for that of the IJ. *See INS v. Rios–Pineda*, 471 U.S. 444, 105 S.Ct. 2098, 85 L.Ed.2d 452 (1985). Further, an IJ's credibility determinations are accorded due deference. *Palacios–Torres v. INS*, 995 F.2d 96, 100 (7th Cir.1993).

In this case, the IJ noted numerous material credibility problems with lead Pe-

---

**3.** Petitioners have not addressed the denial of their application for protection under the Convention Against Torture. Accordingly, the court deems that claim abandoned. *See Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996) (Issues raised in the district court but not addressed on appeal are deemed abandoned and unreviewable on appeal).

titioner's testimony and evidence. Given the inconsistencies, the IJ was well within his discretion in doubting Petitioners' version of the facts. Further, Petitioners' allegation that the IJ ignored contradictions in "country specific" materials is also without merit. In fact, the IJ analyzed the conflicting reports in detail. Accordingly, in light of the record evidence, the IJ's decision rejecting Petitioners' application for relief finds ample support in the record.

## III. The Board Of Immigration Appeals Provided Meaningful Review Of The Immigration Judge's Decision

■ Petitioners assert that the BIA, by utilizing its authority under 8 C.F.R. § 1003.1(e)(4) to affirm without separate opinion, failed to provide meaningful review of the IJ's decision and therefore violated their rights to due process. For the following reasons, we reject Petitioners' argument.

First, the BIA issued a separate, *per curiam* written opinion, and did not utilize its authority under 8 C.F.R. § 1003.1(e)(4). Therefore, this court need not address Petitioners' challenges to the "streamlining" regulation.[4] Nonetheless, the court will address Petitioners' substantive due process challenges based on the brief nature of the BIA's decision.

Petitioners argue that "by adopting the reasoning of the immigration judge as opposed to making its own independent conclusions, the BIA failed to undergo meaningful review of the judgment of the immigration judge." Pet. Br. at 11. Petitioners contend that the single paragraph affirmance fails to articulate reasons for denying relief and does not meet the standards for adequately addressing its claims.

As discussed *supra,* the IJ's decision rejecting Petitioners' application for relief was supported by substantial evidence. The BIA subsequently adopted and affirmed the decision of the IJ in a short opinion. The BIA's October 4, 2002 Opinion stated,

> The Immigration Judge's decision dated June 5, 2001, is affirmed. We agree with the Immigration Judge that the lead [Petitioner] did not establish an adequate, credible objective basis for a finding that he and, through him, the minor [Petitioner] qualify for a grant of asylum, withholding of removal, or protection under Article 3 of the Convention Against Torture. The [Petitioner] has raised no arguments on appeal which would cause us to reverse the Immigration Judge's decision. The appeal is dismissed.

J.A. at 7.

Petitioners have failed to provide any basis to conclude that the BIA gave their case anything less than a full, independent review. Although brief, the BIA's decision was clear in its reasoning. Further, one cannot, in the absence of evidence, infer that the BIA failed to conduct the required review merely because of the brief nature of its decision. As the Seventh Circuit

---

4. The court notes that several circuits have rejected similar challenges to 8 C.F.R. § 1003.1(e)(4). *See Mendoza v. Ashcroft,* 327 F.3d 1283, 1288–89 (11th Cir.2003)(finding that summary affirmance does not violate any due process rights because "under the [INS] regulations, no entitlement to a full opinion by the BIA exists"); *Albathani v. INS,* 318 F.3d 365, 366 (1st Cir.2003)(concluding that the summary affirmance scheme adopted by the INS does not constitute a violation of due process or render judicial review of INS decisions impossible even if the BIA does not explicate its reasons for affirming the immigration judge's order); *Soadjede v. Ashcroft,* 324 F.3d 830, 832 (5th Cir.2003)("This court has previously joined the majority of circuits in approving the authority of the BIA to affirm the immigration judge's decision without giving additional reasons").

stated in *Guentchev v. INS*, 77 F.3d 1036, 1038 (7th Cir.1996),

> Perhaps some summary dispositions obscure the Board's reasons, or hide the lack of reasons. What the Board's order says, however, is that the Board agrees with the immigration judge's reasons, and we have no greater reason to doubt that statement than we have to doubt that the explanation in an elaborate opinion is an honest recapitulation of the reasons for decision. To adopt someone else's reasoned explanation *is* to give reasons.

Accordingly, we hold that the BIA provided meaningful review of the immigration judge's decision.

### CONCLUSION

For the aforementioned reasons, we **DENY** the petition for review of the BIA's October 4, 2002 Final Order.