**NOT RECOMMENDED FOR PUBLICATION**
File Name: 05a0941n.06
Filed: November 30, 2005

**No. 04-3973**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

HRACHIK MANUKYAN and SUSANNA )
GEVORGYAN, )
                              )
        Petitioners, )
                              )   PETITION FOR REVIEW OF A
v.                             )   DECISION OF THE BOARD OF
                              )   IMMIGRATION APPEALS
                              )
ALBERTO GONZALES, )
                              )
        Respondent. )

---

Before: SILER and GRIFFIN, Circuit Judges; Cook, District Judge.[*]

    **SILER**, Circuit Judge. Petitioners Hrachik Manukyan and Susanna Gevorgyan, husband and wife, petition this court for review of a Board of Immigration Appeals ("Board" or "BIA") order denying their motion to reopen removal proceedings. Specifically, they argue that the Board abused its discretion in denying their motion to reopen because they demonstrated that they suffered prejudice due to ineffective assistance of counsel as required by *Matter of Assaad*, 23 I. & N. Dec. 553 (BIA 2003). The petition will be **DENIED**.

**BACKGROUND**

    Petitioners, natives and citizens of Armenia, entered the United States as non-immigrant visitors and overstayed their visas. After the Immigration and Naturalization Service instituted

---

    [*]The Honorable Julian A. Cook, Jr., United States District Judge for the Eastern District of Michigan, sitting by designation.

removal proceedings, Petitioners conceded removability but applied for political asylum, withholding of removal, and relief under the Convention Against Torture.

In 2001, an immigration judge ("IJ") ordered Petitioners removed. He denied their claims on three grounds. First, he concluded they did not establish a "clear probability" of persecution. Second, he found them incredible witnesses. Finally, he believed country-wide persecution improbable, relying on Country Reports. He granted voluntary departure and offered appropriate warnings for failure to comply with voluntary departure requirements. The decision was rendered orally before both Petitioners, who agreed they understood the outcome of the proceedings.

Petitioners, through their counsel, Firooz T. Namei, appealed the IJ's decision to the BIA. Although Namei's motion for extension of time to file a brief was granted by the BIA, he failed to file a brief. In 2003, the BIA affirmed without opinion the IJ's decision and again granted voluntary departure. The BIA's order notified Petitioners of the consequences for their failure to depart voluntarily from the United States. ("[I]f the alien[s] fail[] to depart the United States within the time period specified, . . . the alien[s] . . . shall be ineligible for a period of 10 years for any further relief under sections . . . of the Act") (citing Section 240B(d) of the Immigration and Nationality Act (8 U.S.C. § 1229a)).

In 2004, Petitioners filed a motion to reopen with the BIA, alleging that they received ineffective assistance of counsel because Namei failed to timely file a brief on their behalf before the BIA or to advise them of their right to file a petition for review from the BIA's decision. Petitioners alleged that, instead, Namei informed them that rather than appeal, they should wait for their daughter to become a United States citizen and then apply for a green card. Petitioners asserted

that they were prejudiced by Namei's representation because they lost their opportunity to pursue their asylum claim on appeal, to voluntarily depart the United States, and to avoid further penalties for their failure to depart the United States. Although Petitioners conceded that their motion to reopen was untimely, they sought equitable tolling, alleging that Namei failed to inform them of the time limit for filing a motion to reopen.

The BIA denied the Petitioners' motion to reopen. It first found that the motion to reopen was untimely. It then found that the Petitioners had not proven ineffective assistance of counsel because they failed to demonstrate their counsel's actions prejudiced them. Specifically, the BIA concluded that it was unlikely the Petitioners could have overcome the IJ's adverse credibility determination. Additionally, the BIA stated that Manukyan never claimed in his supporting affidavit that counsel failed to inform the Petitioners of the BIA's decision. Petitioners timely petitioned this court for review of the BIA's order denying their motion to reopen.

## DISCUSSION

In the claim of ineffective assistance of counsel, Petitioners assert that Manukyan stated in his supporting affidavit to their motion to reopen that counsel failed to inform them of the penalties for their failure to voluntarily depart the United States and assured them that they would receive a green card as soon as their daughter became a citizen. Additionally, Petitioners argue that they established prejudice because they cannot return to the United States for ten years.

### Standard of Review

No. 04-3973
Manukyan v. Gonzales

An alien may file a motion to reopen the BIA's decision. 8 C.F.R. § 1003.2(a); *INS v. Doherty*, 502 U.S. 314, 3223 (1992). We review the denial of a motion to reopen for an abuse of discretion. *Doherty*, 502 U.S. at 323.

**Analysis**

The BIA denied Petitioners' motion to reopen on two grounds: (1) it was untimely; and (2) it failed to show prejudice. In their brief on appeal, Petitioners do not challenge the BIA's denial of their motion to reopen as untimely. Issues which are not raised in a petitioner's first brief on appeal are generally considered abandoned and are not reviewable. *Tanazi v. Ashcroft*, No. 02-4200, 2004 WL 1770617, at *3 n.3 (6th Cir. Aug. 5, 2004). However, given the relationship of the two bases for the BIA's denial of the motion to reopen, we will consider Petitioners' arguments on the merits.

A motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1). It "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." *Id.*.

A motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). In the present case, the Board affirmed on July 31, 2003, yet Petitioners did not file their motion to reopen until February 12, 2004, nearly seven months after the decision was rendered.

- 4 -

*See Ljucovic v. Gonzales*, No. 03-4550, 2005 U.S. App. LEXIS 16782, at \*6-\*7 (6th Cir. Aug. 8 2005).

Equitable tolling can apply to an otherwise time-barred motion to reopen, *see Harchenko v. INS*, 379 F.3d 405, 409-10 (6th Cir. 2004), when a petitioner has received ineffective assistance of counsel.[1]  *See Miculi v. Ashcroft*, 96 Fed. Appx. 338, 339 (6th Cir. 2004).

To prove ineffective assistance of counsel, an alien must satisfy the requirements set out in *Matter of Lozada*, 19 I. & N. Dec. 637, 640 (BIA 1988), and demonstrate that she was prejudiced by counsel's actions or inactions.  *See Matter of Assaad*, 23 I. & N. Dec. 553, 556 (BIA 2003).  In this context, prejudice requires Petitioners to demonstrate that they were entitled to the underlying relief requested.  *Ljocovic*, 2005 U.S. App. LEXIS 16782, at \*8.  "In other words, the petitioner 'must establish that but for [counsel's error], [petitioner] would have been entitled to continue residing in the United States.'"  *Id.* (quoting *Huicochea-Gomez*, 237 F.3d at 699-700).  Because Petitioners complied with the procedural requirements of *Matter of Lozada*, they need only demonstrate prejudice as a result of their counsel's allegedly ineffective representation.

Petitioners here fail to demonstrate prejudice.  They do not argue that Namei provided ineffective assistance at the deportation hearing or in failing to timely file his brief on appeal with the BIA.  Nor do they argue that the IJ's decision denying them asylum, withholding of removal, or CAT relief was erroneous.  Rather, they repeatedly claim that they relied on their attorney's

---

[1]"Fifth Amendment guarantees of due process extend to aliens in deportation proceedings." *Hamid v. Ashcroft*, 336 F.3d 465, 468 (6th Cir. 2003) (quoting *Huicochea-Gomez v. INS*, 237 F.3d 696, 699 (6th Cir. 2001)).

advice not to worry about the outcome of the BIA appeal because they would be granted green cards when their daughter became a United States citizen. They claim Namei effectively advised them "to ignore any decisions of the previous courts and wait until our daughter becomes a US Citizen." However, Petitioners were independently informed that they must voluntarily depart, both by the IJ in his oral decision and by the decision of the BIA.

The BIA does not abuse its discretion in denying a motion to reopen if the movant fails to demonstrate eligibility for the underlying substantive relief sought. *See INS v. Abudu*, 485 U.S. 94, 104 (1988). Accordingly, it did not abuse its discretion in denying the Petitioners' motion to reopen.

The petition is **DENIED**.