Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

Alicia **AGUILAR DE POLANCO**,
Petitioner,

v.

**U.S. DEPARTMENT OF JUSTICE**,
Attorney General Ashcroft,
Respondent.

No. 02–4034.

United States Court of Appeals,
Second Circuit.

Feb. 10, 2005.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Andrew M. McNeela, for David N. Kelley, United States Attorney for the Southern District of New York (Sara L. Shudofsky, Assistant United States Attorney, on the brief), New York, NY, for Respondent.

Present: MESKILL, CALABRESI, and WESLEY, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for re-

view of the BIA's decision be and it hereby is **DENIED.**

■ Alicia Aguilar de Polanco ("Polanco") petitions this court for review of the Board of Immigration Appeals's ("BIA" or "Board") decision denying her Nicaraguan Adjustment and Central American Relief Act ("NACARA") motion to reopen as untimely. On appeal, Polanco argues that the BIA should have reopened her proceedings despite her late filing because: 1) the BIA's holding was contrary to established administrative norms; 2) the INS erred in not joining her motion to reopen;[1] 3) the filing deadline for NACARA motions should have been equitably tolled; 4) she was prevented from fairly presenting her case by the government, in violation of Due Process; and 5) the doctrine of equitable estoppel should have been applied to prevent the government from opposing her motion to reopen. All of these legal arguments stem from Polanco's factual claim that a 1–800 number maintained by the Executive Office of Immigration Review ("EOIR") malfunctioned shortly before the NACARA reopening deadline, rendering her unable to discern whether she needed to file for reopening. Polanco also argues that the BIA's decision itself violated the Due Process clause, as it evidenced a failure on the Board's part to review her claims individually.[2]

Although Polanco mentioned the malfunction of the EOIR's 1–800 number in her BIA Notice of Appeal, she did not tie this factual allegation to any legal claims for relief. Polanco's subsequent BIA brief did not elaborate on her 1–800 number claim. Polanco's legal arguments relating to the 1–800 number failure are, therefore, unexhausted, and we decline to address them. *See, e.g., Cervantes–Ascencio v. INS,* 326 F.3d 83, 87 (2d Cir.2003) (per curiam).

Polanco's claim that the BIA failed to provide individualized attention to her case, while not, for obvious reasons, susceptible to comparable exhaustion analysis, is without merit. While the Board did not provide a lengthy discussion of Polanco's claims, it is clear that it considered her appeal in an individualized fashion. As such, the Board's decision did not violate Polanco's due process rights.

■ We therefore affirm the BIA's disposition of this appeal. We do, however, express some concern about the manner in which Ms. Polanco's case has been handled. Polanco retained current counsel well before the expiration of the filing deadline for NACARA motions, apparently for the express purpose of filing the necessary NACARA paperwork. Counsel, nevertheless, failed to file a motion on Ms. Polanco's behalf until a year and a half later, at which time the NACARA motion filing deadline had expired. While we of course express no view on whether an ineffective assistance of counsel claim would succeed on the facts presented here, we do note that aliens in deportation proceedings—while they do not have a Sixth Amendment right to counsel, *see United*

---

1. It is not entirely clear whether Polanco is making the first two of these arguments as separate arguments, or if she simply intended them to bolster her equitable tolling argument. Because we find all three claims to be unexhausted, we have not endeavored to clarify this ambiguity in Polanco's briefing.

2. Polanco makes a seventh argument, that the Legal Immigration Family Equity Act Amendments ("LIFE Act Amendments") violate the Equal Protection component of the Fifth Amendment. This claim is addressed in an opinion filed together with this summary order. The facts and legislative framework underlying Polanco's claims are set forth more fully in that opinion, and familiarity with the same is assumed.

*States v. Yousef,* 327 F.3d 56, 143 (2d Cir.2003)—do have due process rights. And, ineffective assistance of counsel may be the basis for a due process violation. *See Rabiu v. INS,* 41 F.3d 879, 882–83 (2d Cir.1994) (finding a due process violation where an alien's attorney had failed to file a timely application for § 212(c) relief, and the alien was prejudiced by that failure); *see also In re Bassel Nabih Assaad,* 23 I. & N. Dec. 553, 2003 WL 327497 (BIA 2003) (setting out the requirements for moving to reopen on ineffective assistance of counsel grounds before the BIA).

We have considered all of Polanco's arguments and find them to be without merit. The petition for review of the BIA's decision is DENIED.