accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

Pheophone KHAMMONGKHOUNE (Keokanya), Petitioner,

v.

Michael CHERTOFF,[1] Secretary, Department of Homeland Security, United States Attorney General, Michael J. Garcia, Assistant Secretary for the Bureau of Immigration and Customs Enforcement, Department of Homeland Security, William Cleary, Bureau of Immigration and Customs Enforcement (BICE), Detention Removal Field Office Director, Respondents.

No. 05–2948–ag.

United States Court of Appeals, Second Circuit.

May 26, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Secretary of the Department of Homeland Security, Michael Chertoff, is automatically substituted for former Secretary Thomas Ridge as the respondent in this case.

Eric W. Schultz, Sacks, Kolken & Schultz, Buffalo, NY, for Petitioner.

Terrance P. Flynn, United States Attorney; Stephan J. Baczynski, Assistant United States Attorney, Buffalo, NY, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Pheophone Khammongkhoune, through counsel, petitions for review of the BIA's October 2003 order denying her motion to remand based on ineffective assistance of counsel, and affirming the Immigration Judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against

Torture ("CAT").[2] We assume the parties' familiarity with the underlying facts and procedural history of this case.

A motion to remand that does not simply articulate the remedy sought on appeal will be held to the substantive standards applicable either to a motion to reconsider or to reopen. *See Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir.2005). When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005) (internal citations omitted). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). A motion to reopen premised on ineffective assistance must comply with the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988), and must establish that "counsel's performance was so ineffective as to have impinged upon the fundamental fairness of the hearing." *See Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir.2005); *Matter of Assaad*, 23 I. & N. Dec. 553, 2003 WL 327497 (BIA 2003). This includes a showing that competent counsel would have acted otherwise and that petitioner was prejudiced by counsel's performance. *See, e.g., Esposito v. INS*, 987 F.2d 108, 111 (2d Cir.1993).

█ Here, the BIA abused its discretion in denying Pheophone's motion to remand due to ineffective assistance of counsel

based on a misapprehension of the record. The BIA misread the record when it observed that Pheophone filed the visa petition at issue before she hired her former counsel, Edwin Obiorah. In fact, as the Government acknowledges in its brief, Obiorah himself filed the petition for Pheophone's mother on behalf of Pheophone as an "unmarried" child.

█ The BIA also wrongly concluded that the I–130 petition was approved before Obiorah seemingly learned there might be a basis for withdrawing the petition. In her motion to vacate and remand, her present counsel explained that Obiorah received notice in early 1999, when he received documents in response to his FOIA request, that Pheophone had been married in the United States. This is corroborated by an affidavit from a Mr. Hoffman, who asserts that Obiorah received the FOIA package in February 1999. Additionally, Pheophone indicated that when she retained Obiorah, she showed him a paper she received from her U.S. husband's divorce attorney, believing it to be a divorce judgment, but that Obiorah told her it was a pleading asking a judge to end the marriage. These circumstances evince a factual dispute regarding whether Obiorah was aware of Pheophone's U.S. marriage when he pursued approval of the I–130 petition on her behalf. The agency needs to resolve this dispute based on an accurate reading of the record.

The Government argues that the Court lacks jurisdiction here because Pheophone does not have a constitutional right at stake, such as a liberty or property interest, that allows her to assert an ineffective

---

**2.** Pheophone's case began as a habeas petition in the U.S. District Court for the Western District of New York, but was transferred here as a petition for review pursuant to the

REAL ID Act. *See* REAL ID Act § 106(c), Pub.L. No. 109–13, 119 Stat. 231 (May 11, 2005).

assistance claim. However, the BIA has created a sub-constitutional rule in deciding that ineffective assistance of counsel is a valid ground for reopening a deportation case in egregious circumstances. *See Matter of Lozada,* 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988). Given this sub-constitutional rule, we need not reach the issue of whether there is a constitutional right to counsel in immigration cases. *See Jian Yun Zheng v. United States Dep't of Justice,* 409 F.3d 43, 46 (2d Cir.2005) ("Any BIA determination with respect to an ineffectiveness claim is certainly subject to judicial review, but, as our sister circuits have held, review on the merits may be conditioned on substantial compliance with the reasonable requirements set forth in *Lozada.*" (internal citation omitted)).

■ Further, the Government contends that Pheophone is unable to show prejudice from prior counsel's actions because even if prior counsel had filed a petition on her behalf as a "married daughter" of a U.S. citizen, she still would not have been able to adjust, as there would have been no immediately available visa. As indicated in Pheophone's motion and brief to this Court, however, had Obiorah .acted satisfactorily on all of the information regarding Pheophone's marriages, the IJ's concerns about the credibility of Pheophone's application would not have materialized. And, at a minimum, these concerns served as the IJ's basis for denying Pheophone voluntary departure. The Government's contention that Pheophone suffered no prejudice is therefore without merit.

■ Furthermore, substantial evidence does not support the IJ's determination that Pheophone failed to establish eligibility for asylum or withholding of removal. When, as here, the BIA "adopts the decision of the IJ and merely supplements the

IJ's decision ... we review the decision of the IJ as supplemented by the BIA." *Yan Chen v. Gonzales,* 417 F.3d 268, 271–72 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003). Here, the IJ erroneously found that there was no causal connection between the acts complained of and one of the statutorily protected grounds under the INA. Yet Pheophone clearly asserted that the communist Laotian government detained her for three years because she worked for the American government at a U.S. Air Force base, and her counsel contended that when the communist government assumed power in Laos, people who worked for the American government were sought out as "enemies." The IJ thus neglected to consider whether the possibility of persecution based on an imputed political opinion can constitute a ground of persecution. *See Chun Gao v. Gonzales,* 424 F.3d 122, 129 (2d Cir.2005).

■ Additionally, the IJ erroneously found that Pheophone had not established past persecution. Pheophone testified that she was detained for three years in a camp where she was forced to share a room with about ten people, she did not receive breakfast, but had to do farm work first before being served lunch, and that about five armed military officers supervised each work group. Pheophone also testified that about two years after her release, she was again arrested in 1982, interrogated, and detained for two days, apparently because the authorities suspected that she was the same person they had detained previously, although Pheophone changed her name following her first detention. Such a lengthy detention involving forced labor, and followed by a second detention,

amounted to past persecution. *See Matter of Acosta,* 19 I. & N. Dec. 211, 216, 1985 WL 56042 (BIA 1985) (defining persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive").

■ In failing to find past persecution, the IJ consequently failed to make any finding of a fundamental change in circumstances that could rebut the presumption of a well-founded fear of future persecution based on Pheophone's past experiences. 8 C.F.R. § 208.13(b)(1)(i)(A). Moreover, the IJ did not acknowledge Pheophone's argument that she derived protection in Laos from being married to someone who worked for the communist government. These issues provide further reason for remand.

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED for further proceedings consistent with this decision. The stay of removal entered by the district court shall remain in effect until the BIA issues a new decision in this case. Any pending request for oral argument in this petition is DE-NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).