# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 07-2610

NATALIA KOUTCHER and
OLEXANDER KOUTCHER,

*Petitioners*,

*v.*

ALBERTO R. GONZALES,

*Respondent*.

———————

Petition for Review of an Order of the
Board of Immigration Appeals.
Nos. A73-428-841 & A73-428-842

———————

ON MOTION FOR STAY OF REMOVAL

———————

JULY 23, 2007[Œ]

———————

Before EASTERBROOK, *Chief Judge*, and POSNER and RIPPLE,
*Circuit Judges*.

RIPPLE, *Circuit Judge*. The petitioners Natalia and
Olexander Koutcher seek a stay of their removal to Ukraine
pending review in this court. For the reasons set forth in

———————

[Œ] This opinion was initially released in typescript form.

this opinion, the motion is denied because it does not set forth the information needed by the court to adjudicate this matter.

The petitioners seek review of the Board of Immigration Appeal's decision denying their motion to reopen as untimely. The Board determined that there was no reason to invoke the doctrine of equitable tolling. The Board determined that the petitioners had met the requirements of alleging ineffective assistance of counsel by presenting affidavits describing their dealings with counsel and by providing former counsel the opportunity to respond. *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988). However, after noting that former counsel vigorously contested the allegations, the Board concluded that it need not decide whether ineffective assistance had been shown because the Koutchers had failed to show sufficient prejudice to warrant consideration of their late appeal. *Matter of Assaad*, 23 I&N Dec. 553 (BIA 2003).

In 1996, the Koutchers admitted that they had overstayed their tourist visas but had sought asylum and withholding of deportation based on their Jewish nationality.[1] The IJ found the Koutchers credible but ruled that they had failed to prove that the threats and attacks against them by the Ukrainian People's Self-Defense group rose to the level of past persecution because they had failed to establish that the police were unable or unwilling to protect them. In addition, the IJ held that the

---

[1] The original IJ opinion refers to both petitioners as natives of the USSR and citizens of Ukraine, but also being of Jewish nationality. It then goes on and, in examining their documentation of birth and marriage, specifically refers to them as being of Jewish nationality.

petitioners could not establish a well-founded fear of future persecution because the State Department report explained that discrimination against people of Jewish nationality had been confined to the Western portion of Ukraine (where the petitioners had lived) but that country conditions had changed significantly in that area for the better. In addition, the IJ reasoned, they could move to the Eastern or Southern portions where they would not face persecution.

The one-page motion does nothing more than make a general request for a stay. It fails to set forth any information in support of the criteria that a petitioner seeking a stay of removal pending judicial review must demonstrate. The motion does not demonstrate: (1) a likelihood of success on the merits; (2) irreparable harm if a stay is not granted; (3) that the potential harm to the petitioner outweighs the harm to the Government; and (4) that the granting of the stay would serve the public interest. *Sofinet v. INS*, 188 F.3d 703, 706 (7th Cir. 1999); *see also Hor v. Gonzales*, 400 F.3d 482, 484-85 (7th Cir. 2005). Moreover, Rule 18(a)(2)(B) of the Federal Rules of Appellate Procedure specifically requires that:

> (B) The motion must also include:
>
> > (i) the reasons for granting the relief requested and the facts relied on;
> >
> > (ii) originals or copies of affidavits or other sworn statements supporting facts subject to dispute; and
> >
> > (iii) relevant parts of the record.

The stay motion does not explain why the Koutchers believe that their former attorneys were ineffective or the resulting prejudice that they suffered. We therefore can-

not assess the Koutchers' likelihood of success on the merits of the appeal. Nor does the motion explain the harm the petitioners might suffer if removed pending our review. We are given no information as to whether their removal is imminent.

A bare bones motion for stay such as the one presented here is not a rare occurrence. It is, however, a very unhelpful submission both from the viewpoint of the court and the viewpoint of the petitioner.

MOTION FOR STAY DENIED

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*