In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 07-3673

XIU QIN ZHENG,

*Petitioner,*

*v.*

MICHAEL B. MUKASEY,
Attorney General of the
United States,

*Respondent.*

_____

Petition for Review of an Order
of the Board of Immigration Appeals.
No. A77-847-340

_____

ON MOTION FOR STAY OF REMOVAL

_____

NOVEMBER 9, 2007ᴼᴱ

_____

Before COFFEY, RIPPLE and WILLIAMS, *Circuit Judges.*

PER CURIAM. The petitioner, Xiu Qin Zheng, seeks a
stay of his removal to China pending review in this court.
In 2001, Mr. Zheng applied for asylum before an immigra-
tion judge ("IJ"). The IJ found significant inconsistencies

---

ᴼᴱ This opinion was released initially in typescript form.

in Mr. Zheng's testimony and therefore discredited his testimony and denied his asylum application. In May 2002, the Board of Immigration Appeals ("BIA") dismissed Mr. Zheng's appeal of the IJ's decision. The present motion does not articulate the grounds upon which Mr. Zheng originally applied for asylum and does not address what inconsistencies the IJ found in his testimony.

Five years later, Mr. Zheng moved to reopen his asylum proceedings. First, he submitted that he had received ineffective assistance from his former attorney who had represented him before the IJ and the BIA. The BIA rejected this argument; it noted that his request was untimely and that he provided no reason to invoke the doctrine of equitable tolling. Second, Mr. Zheng sought to reopen his asylum proceedings based on changed circumstances. He maintained that authorities in his hometown recently had carried out harsh investigations of underground Catholic churches and had arrested his wife in 2006. At that time, he alleges, she was pressured to reveal his whereabouts; in addition, she was given a notice stating that Mr. Zheng would be punished upon his return to China because he had joined an underground church. The BIA also refused to reopen Mr. Zheng's proceedings based on this ground. It noted that the IJ already had found incredible his testimony about religious persecution and persecution based on China's family planning policies. Finally, the BIA concluded that Mr. Zheng had failed to demonstrate that he would be harmed upon his return to China due to his violation of Chinese exit laws.

Mr. Zheng now petitions for review of both the BIA's dismissal of his original asylum claim and the BIA's subsequent denial of his motion to reopen those proceedings.

As an initial matter, we note that the petition for review is timely only as to the BIA's denial of Mr. Zheng's motion to reopen. This petition for review was filed over five years after the BIA dismissed the appeal stemming from Mr. Zheng's original asylum application, well-beyond the 30-day deadline to file a petition for review. *See* 8 U.S.C. § 1252(b)(1); *Asere v. Gonzales*, 439 F.3d 378, 380 (7th Cir. 2006).

A petitioner seeking a stay of removal pending judicial review must demonstrate: (1) a likelihood of success on the merits; (2) irreparable harm if a stay is not granted; (3) that the potential harm the petitioner faces outweighs the harm to the Government; and (4) that granting the stay would serve the public interest. *Sofinet v. INS*, 188 F.3d 703, 706 (7th Cir. 1999). If a motion to stay removal does not set forth information needed for this court to adjudicate properly the matter, it will be denied. *See Koutcher v. Gonzales*, 494 F.3d 1133, 1134 (7th Cir. 2007).

Given these requirements, we must deny this motion. In these papers, the petitioner simply makes an inadequate case. The motion, which is only one sentence long with an attached two-page affidavit from counsel, provides insufficient information for this court to adjudicate the matter. The motion fails to state why Mr. Zheng believes that his former attorney was ineffective or the resulting prejudice that he suffered. It also makes no mention of what circumstances have changed in China or how these changes might affect a second asylum application. The motion merely contends that Mr. Zheng is likely to succeed on the merits "due to egregious errors of Law and Fact" made by the IJ and BIA, but fails to articulate what these errors may be or during what stage of the proceedings these errors occurred. Without this information, we cannot

assess the likelihood that Mr. Zheng could succeed in demonstrating that the BIA erred by refusing to reopen his proceedings. *See Koutcher*, 494 F.3d at 1135.

MOTION DENIED

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*