In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 07-3883

ZVONKO STEPANOVIC,

Petitioner,

v.

MICHAEL B. MUKASEY,

Respondent.

_____

Petition for Review of an Order
of the Board of Immigration Appeals.
No. A79-766-597

_____

ON MOTION FOR STAY OF RUNNING OF
VOLUNTARY DEPARTURE PERIOD AND
RESPONDENT'S OPPOSITION TO PETITIONER'S
MOTION FOR STAY OF RUNNING OF VOLUNTARY
DEPARTURE PERIOD

_____

DECEMBER 21, 2007[Œ]

_____

Before FLAUM, RIPPLE and ROVNER, _Circuit Judges_.

PER CURIAM. This matter is before the court on the petitioner's motion for stay of running of voluntary

_____

[Œ] This opinion was released initially in typescript form.

departure period, filed by counsel for the petitioner on November 30, 2007 and on the respondent's opposition to petitioner's motion for stay of running of voluntary departure period, filed by counsel for the respondent on December 13, 2007.

Voluntary departure is an alternative to removal, which allows an alien to leave the United States at his or her own expense within a certain period of time. 8 U.S.C. § 1229c(a), (b). Once voluntary departure has been granted by the immigration service, this court may toll the voluntary departure period pending appeal. *Lopez-Chavez v. Ashcroft*, 383 F.3d 650, 654 (7th Cir. 2004). A petitioner seeking a stay of voluntary departure must demonstrate that he is likely to succeed on the merits. *Lopez-Chavez*, 383 F.3d at 654-55; *Sofinet v. INS*, 188 F.3d 703, 706 (7th Cir. 1999).

Mr. Stepanovic makes no attempt to describe his arguments on appeal, let alone demonstrate that he would succeed on the merits. Zvonko Stepanovic's three-paragraph motion does nothing more than make a general request for a stay. The motion and attached affidavit from counsel even fail to state what type of relief Mr. Stepanovic sought before the immigration courts, noting only that his "relief application" was denied. This court has repeatedly noted that a motion to stay removal that does not set forth information needed for this court to properly adjudicate the matter will be denied. *See Zheng v. Mukasey*, No. 07-3673, 2007 U.S. App. LEXIS 26137 (7th Cir. Nov. 9, 2007); *Koutcher v. Gonzales*, 494 F.3d 1133, 1134 (7th Cir. 2007). A bare-bones motion seeking a stay of voluntary departure is equally unhelpful. Without more information, this court cannot assess the likelihood that Mr. Stepanovic could succeed in demonstrating that the BIA erred by dismissing his appeal.

Accordingly, it is ordered that this motion is denied.

MOTION DENIED

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*