**YANZHEN LIN, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

**No. 07–1352–ag.**

United States Court of Appeals, Second Circuit.

April 8, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

R. Alexander Goring Esq., Office of Immigration Litigation, Civil Division, Washington, DC, for Respondent.

Yanzhen Lin c/o James Guo, Alhambra, CA, for Petitioner.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Yanzhen Lin, a native and citizen of China, seeks review of a March 20, 2007 order of the BIA denying her November 2006 motion to reopen her removal proceedings. *In re Yan Zheng Lin,* No. A78 408 332 (B.I.A. Mar. 20, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). An abuse of discretion may be found where the decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

To the extent that Lin attempts to challenge the merits of the agency's underlying denial of her applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief and its denial of her first motion to reopen, those decisions are not properly before

this Court and the petition for review must be dismissed. *See Stone v. INS,* 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); *Ke Zhen Zhao,* 265 F.3d at 89–90. Only the BIA's March 2007 decision is before us as that is the only decision from which a petition for review was timely filed. *See* 8 U.S.C. § 1252(b)(1). Additionally, this Court lacks jurisdiction to review the BIA's decision not to reopen Lin's case *sua sponte* under 8 C.F.R. § 1003.2(a), because such a decision is "entirely discretionary." *See Azmond Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006).

■ Although we have jurisdiction to review the BIA's March 2007 decision, Lin has not raised any meaningful challenge to that decision. In denying Lin's second motion to reopen, which was indisputably untimely, *see* 8 C.F.R. § 1003.2(c)(2), the BIA found that she did not establish an exception to the filing requirements based on the alleged ineffective assistance of prior counsel because: (1) Lin failed to establish that she exercised due diligence in filing her motion to reopen; (2) Lin failed to satisfy the requirements of *Matter of Assaad,* 23 I. & N. Dec. 553 (B.I.A.2003), and *Matter of Lozada,* 19 I. & N. Dec. 637 (B.I.A.1988); (3) the record indicates that she appeared *pro se* in her appeal of the IJ's decision; and (4) the BIA gave proper notice to Lin of its August 2002 decision by mailing it to her last known address. *See Cekic v. INS,* 435 F.3d 167, 170 (2d Cir. 2006) (finding that the filing deadline may be tolled where a petitioner demonstrates that he or she was prejudiced by the counsel's performance and acted with due diligence in pursuing the case during the period sought to be tolled). Even construing broadly Lin's arguments in her *pro se* brief before this Court, *Weixel v. Board of Educ.,* 287 F.3d 138, 145–46 (2d Cir.2002), the reiteration of her assertion before the BIA that she did not receive notice of the BIA's August 2002 decision is not a challenge to any of the bases of the BIA's rejection of her ineffective assistance of counsel claim. *Cf. United States v. Gonzalez–Roque,* 301 F.3d 39, 47 (2d Cir.2002) (finding that the BIA is not obligated to search the record for possible meritorious arguments simply because the appellant before it is *pro se* ). As such, we deem any such challenge waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Because any of the bases advanced by the BIA in support of its decision were dispositive, the petition for review must be denied.

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).