Yehia GAFFAR, Petitioner

v.

ATTORNEY GENERAL OF the UNITED STATES, Respondent.

No. 08–4105.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) July 22, 2009.

Opinion filed: July 22, 2009.

Yehia Gaffar, Newark, NJ, pro se.

Thomas W. Hussey, Esq., W. Daniel Shieh, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: FISHER, JORDAN and VAN ANTWERPEN, Circuit Judges.

OPINION

PER CURIAM.

Petitioner Yehia Gaffar, a native and citizen of Egypt, entered the United States on a nonimmigrant visa and overstayed his visit. On April 9, 2003, a Notice to Appear was filed with the Immigration Court charging him with removability under the Immigration and Nationality Act ("INA") § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B). At his merits hearing on November 13, 2003, Gaffar admitted the factual allegations in the NTA with two amendments, conceded removability, and applied for cancellation of removal. At his merits hearing on January 4, 2006, Gaffar again conceded removability, and he additionally filed an asylum application, which also was construed as an application for withholding of removal, and protection under the Convention Against Torture ("CAT"). The Immigration Judge denied relief at the conclusion of the merits hearing and ordered Gaffar removed to Egypt. Gaffar appealed to the Board of Immigration Appeals. On June 18, 2007, the Board adopted and affirmed the IJ's decision, and dismissed Gaffar's appeal. Importantly for purposes of the appeal we decide today, Gaffar did not petition for review of this decision.

With the assistance of counsel, Gaffar filed a timely motion to reopen, 8 C.F.R. § 1003.2, on July 13, 2007, seeking to adjust his status on the basis of an approved labor certification petition. This motion noted that the labor certification application was filed on April 27, 2001, and approved on January 29, 2007. The motion also noted that an I–140 immigrant petition was in the process of being filed. On August 24, 2007, the Board denied the motion to reopen. Noting first that a motion to reopen must be accompanied by the appropriate application for relief and all supporting documentation, and will not be granted unless the alien establishes a prima facie case of eligibility for the underlying relief sought, see *Immigration & Naturalization Serv. v. Abudu*, 485 U.S. 94, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988); 8 C.F.R. § 1003.2(c)(1), the Board reasoned that Gaffar had not submitted an application to adjust status (Form I–485) and proof of an *approved* visa petition. No petition for review of this decision was filed.

Through new counsel, Gaffar filed a second, untimely motion to reopen on February 4, 2008, again seeking adjustment of status, and proffering a pending I–140 employment visa petition. Gaffar asked the Board to *sua sponte* reopen proceedings on the ground that, under *Matter of Velarde–Pacheco*, 23 I. & N. Dec. 253 (BIA 2002), his first motion to reopen should have been granted, A.R. 6, 11, and he maintained that he had been diligent in pursuing adjustment of status, A.R. 12–13.[1] He also claimed that his former at-

---

1. *Matter of Velarde–Pacheco* held that a motion to reopen seeking adjustment of status based on a marriage entered into after removal proceedings began may be granted notwithstanding the pendency of a visa petition filed on the alien's behalf if certain conditions are met, one of which is that the motion to reopen be timely filed.

torney had failed to tell him about the Board's August 24, 2007 decision denying his first motion to reopen, and he should be allowed to "supplement" his original timely motion to reopen with additional documents and argument.

The Board denied Gaffar's second motion to reopen on September 11, 2008, concluding that the motion was both time—and number-barred, 8 C.F.R. § 1003.2(c)(2), and none of the exceptions to excuse the time and numerical limitations governing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(i)–(iii), applied to his case. The Board also declined to reopen proceedings under its *sua sponte* authority, 8 C.F.R. § 1003.2(a), finding no exceptional circumstances, *see Matter of J–J–*, 21 I. & N. Dec. 976, 984 (BIA 1997). Applying *Matter of Assaad*, 23 I. & N. Dec. 553 (BIA 2003), and *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), the Board rejected Gaffar's ineffective assistance of counsel claim as a basis for overlooking the time and number restrictions on motions to reopen. The Board reasoned that Gaffar had failed to properly raise such a claim, and he had not shown that he was prejudiced by his former attorney's assistance. The documentation submitted with the second motion to reopen did not indicate that a visa was immediately available to him while the prior motion to reopen was pending such that he would have been eligible for adjustment of status. *See* 8 U.S.C. 1255(a), (i) (providing, among other things, that the status of an alien may be adjusted where "an immigrant visa is immediately available to him at the time his application is filed"). Gaffar has timely petitioned for review of the Board's September 11, 2008 decision. We will deny the petition for review. We review the Board's denial of a motion to reopen for abuse of discretion. *Immigration & Naturalization Serv. v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). Under this standard, we will reverse the Board's decision only if it is arbitrary, irrational, or contrary to law. *Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir.2002). Gaffar's second motion to reopen was plainly late and number-barred under 8 C.F.R. § 1003.2(c)(2), just as the Board concluded. "An alien may file one motion to reopen proceedings," and, ordinarily, "[t]he motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). None of the exceptions listed in 8 C.F.R. § 1003.2(c)(3) (for asylum applications based on changed country circumstances, motions to reopen orders entered *in absentia*, or joint motions, for example) apply to Gaffar's case, and he has cited no authority for his assertion that the Board should have treated his second motion to reopen as a "supplement." The Board did not abuse its discretion in declining to treat the second motion as a supplement. In addition, the Board's discretionary decision not to exercise its *sua sponte* authority to reopen proceedings is unreviewable. *See Cruz v. Att'y Gen. of U.S.*, 452 F.3d 240, 249 (3d Cir.2006); *Calle–Vujiles v. Ashcroft*, 320 F.3d 472, 475 (3d Cir.2003). We note that the Board gave full consideration to the request to reopen proceedings *sua sponte*.

We further conclude that the Board properly denied Gaffar's second, untimely motion to reopen even though he made a claim of ineffective assistance of counsel. Gaffar contended that his former attorney failed to tell him about the Board's August 24, 2007 decision denying his first motion to reopen. He thus had no opportunity to petition for review of the Board's August 24, 2007 decision in this Court. He also maintained that Board precedent on adjustment of status applications should have resulted in his first motion to reopen being granted. The Board may consider wheth-

er equitable tolling of the time limit on a motion to reopen on the ground of ineffective assistance of counsel is appropriate, *see generally Mahmood v. Gonzales,* 427 F.3d 248 (3d Cir.2005). *See also Borges v. Gonzales,* 402 F.3d 398, 407 (3d Cir.2005). Here, the Board also considered whether the claim of ineffective assistance of counsel would exempt Gaffar from the number restriction on motions to reopen. The Board then properly applied the law in effect at the time, *Matter of Assaad,* 23 I. & N. Dec. 553, and *Matter of Lozada,* 19 I. & N. Dec. 637, but concluded that Gaffar had failed to comply with the requirements for raising such a claim. With respect to the question of prejudice in particular, the Board noted that the documentation submitted with the second motion to reopen did not indicate that a visa was immediately available to Gaffar while the prior motion to reopen was pending such that he would have been eligible for adjustment of status.[2]

We agree with the Board's determination of the issue of prejudice to Gaffar as a result of his former attorney's alleged ineffectiveness, and thus with its determination not to exempt him from the time and number requirements for motions to reopen. Gaffar contends in his brief on appeal that his former counsel has now been disbarred, but he does not address the Board's finding that he was unable to show prejudice stemming from his former attorney's alleged misconduct. Discretion should favorably be exercised where a prima facie approvable visa petition has yet to be approved and a prima facie approvable adjustment of status application has been submitted, *see Matter of Garcia,* 16 I. & N. Dec. 653, 656–57 (BIA 1978), *modified* on *other grounds* by *In re Arthur,* 20 I. & N. Dec. 475 (BIA 1992), but the alien must have a visa immediately available to him, 8 U.S.C. § 1255(a), and Gaffar did not at the time the first motion to reopen was pending.

We also are satisfied that Gaffar also was not prejudiced by his former attorney's failure to file a petition for review of the Board's August 24, 2007 decision. In rendering that decision, the Board did not abuse its discretion in determining that Gaffar could not prevail on his timely first motion to reopen because he had not submitted an application to adjust status (Form I–485) and proof of an approved I–140 immigrant visa petition. *See Abudu,* 485 U.S. at 104, 108 S.Ct. 904 (motion to reopen will not be granted unless the alien establishes a prima facie case of eligibility for the underlying relief sought); 8 C.F.R. § 1003.2(c)(1) (motion to reopen must be accompanied by appropriate application for relief and all supporting documentation).

---

**2.** On January 7, 2009, and thus after the Board rendered its decision in this case, the Attorney General issued a decision in *Matter of Compean,* 24 I. & N. Dec. 710 (A.G.2009), in which he affirmed the Board's denial of motions to reopen filed in three cases involving a claim of deficient attorney performance in removal proceedings. The Attorney General also set forth a new administrative framework for the Board to use to adjudicate deficient performance claims. This framework was to supercede the prior framework set forth in *Matter of Lozada,* 19 I. & N. Dec. 637, but the new requirements would not be applied to pending Board cases. *Id.* at 741. We note that *Compean* was vacated (except to the extent that it affirmed on the merits) on June 3, 2009, 25 I. & N. Dec. 1, after reconsideration by the Attorney General. The Attorney General concluded that, pending the outcome of a rule-making process, the Board should apply previously established standards for reviewing pending and future motions to reopen based on claims of ineffective assistance of counsel. Because the Board decided Gaffar's claim prior to the issuance of *Compean,* and because *Compean* has since, in pertinent part, been vacated, we decide this case under the previously established standards. *See Lu v. Ashcroft,* 259 F.3d 127, 133 (3d Cir.2001) (*Lozada* requirements generally are reasonable exercise of Board's discretion).

Gaffar has further attempted in his informal brief to challenge the agency's denial of his claims for cancellation of removal and asylum. He also attempts to raise a due process claim, asserting that the IJ treated him unfairly. However, these claims are not properly before us because Gaffar did not file a petition for review within 30 days from the Board's June 18, 2007 decision, *see* 8 U.S.C. § 1252(b)(1), which adopted and affirmed the IJ's denial of those applications.

We will deny the petition for review.