OPINION
PER CURIAM.
Petitioners, Naseem and Twinkle Vithla-ni, seek review of two orders of the Board of Immigration Appeals (“BIA”), one denying their motion to reopen and the other denying their motion for reconsideration. For the reasons that follow, we will deny their petition for review.
Naseem Vithlani, a native and citizen of India, entered the United States in November 1998 on an Hl-B visa. Her husband Anant and daughter Twinkle followed on H4 visas in February 1999. In 1999, Naseem filed an affirmative application for asylum, withholding of removal and relief under the Convention Against Torture (“CAT”), listing her husband and daughter as derivative beneficiaries. (A.R.603.) In it, she alleged that she and her husband had been persecuted by members of her husband’s family based on their interfaith marriage. (A.R.606.) On September 4, 2001, they were served with Notices to Appear, alleging that they had remained in the United States without authorization *279 beyond the time period permitted by their visas, which charges they conceded. (A.R. 624.)
On August 8, 2002, the IJ denied their requests for relief, concluding that they had failed to establish that they suffered past persecution or had a well-founded fear of future persecution. (A.R.398-404.) On January 16, 2004, the BIA issued an opinion agreeing with the IJ and dismissing their appeal. (A.R.156-57.) Petitioners did not file a petition for review in this Court at that time. They allege that, following the issuance of the BIA’s decision, their attorney, Ana Juneau, told them that there was nothing else they could do with respect to their case and that their options were either to go back to India or to remain in the United States illegally. They claim that they first learned that they could have filed a petition for review in this Court on December 30, 2006, after Anant was taken into custody by Immigration and Customs Enforcement agents based on a warrant for his deportation stemming from the BIA’s final order of removal.
Naseem then retained the services of a second attorney, Rahul Manchanda, who assigned an associate at his firm, Shahla Khan, to represent the Vithlanis. On January 22, 2007, they filed a motion to reopen with the BIA, alleging that prior counsel, Ms. Juneau, had been ineffective in her representation of them throughout the removal proceedings and in failing to inform them of their right to appeal. (A.R.287-307.) They claimed that they first learned of their counsel’s ineffectiveness on or about December 30, 2006, and that their motion to reopen was filed within 90 days of that discovery. On March 26,’ 2007, the BIA denied the motion based on petitioners’ failure to comply with the requirements for alleging ineffective assistance of counsel as set out in Matter of Assaad, 23 I. & N. Dec. 553 (BIA 2003), and Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988). (A.R.175-76.) The BIA further concluded that petitioners had not exercised due diligence in pursing their claims, as they failed to explain the delay between the alleged ineffective assistance of counsel from 2002 to 2004 and the filing of their motion in 2007. (Id.) Petitioners did not seek review of that decision.
Through present counsel, petitioners filed a second motion to reopen on September 10, 2007, alleging that attorneys Manchanda and Khan provided ineffective assistance in filing their first motion to reopen. (A.R.93-145.) They claimed that they first learned of this ineffectiveness on or about August 1, 2007, more than four months after the BIA denied their first motion to reopen. The BIA denied the second motion on November 13, 2007 as time — and number-barred and concluded that petitioners were not entitled to equitable tolling. (A.R.54-55.) The BIA held that petitioners had failed to explain the steps, if any, that they took to investigate and assert their claims during that time and, additionally, that they had failed to show how the conduct of the attorneys who represented them in connection with their first motion to reopen prejudiced their case, as there was nothing those attorneys could have done to alter the fact that petitioners failed to exercise due diligence in pursuing their claims for relief and investigating any potential recourse against their first attorney. (A.R.55.) As the BIA noted, petitioners were present at the 2002 hearing when the IJ rendered his decision, noting all of the inadequacies in their case. In them 2007 letter to Attorney Juneau,[1] petitioners detailed six alle *280 gations of misconduct which occurred during the removal proceedings. (A.R.249-250.) Based on this sequence of events, the BIA concluded: “The respondents have simply failed to explain why they were completely unaware of any problems with their 2002 removal proceedings until December 30, 2006, more than four years after their removal hearing and nearly three years after their appeal was dismissed. They have failed to show that they took any steps to address these issues or otherwise investigate and assert their claims.” (A.R.55.)
Petitioners then filed their first petition for review on December 10, 2007, which was docketed at C.A. No. 07-4623. Petitioners concurrently filed a motion for reconsideration pursuant to 8 C.F.R. § 1003.2(b), which the BIA denied on June 13, 2008. (A.R.7.) On June 27, 2008, petitioners filed the petition for review docketed at C.A. No. 08-2990. These petitions for review were consolidated and we have jurisdiction over both of them pursuant to 8 U.S.C. § 1252.
Petitioners challenge the BIA’s denial of their second motion to reopen and the denial of their motion for reconsideration of the denial of their second motion to reopen. The second motion to reopen was premised on the ineffectiveness of the attorneys who perfected the first motion to reopen. We review the BIA’s denial of a motion to reopen or for reconsideration for an abuse of discretion, under which standard we will uphold the Board’s decision unless it was arbitrary, irrational or contrary to law. See Sevoian v. Ashcroft, 290 F.3d 166, 170, 174 (3d Cir.2002).
The BIA concluded that petitioners were not entitled to equitable tolling under Mahmood v. Gonzales, 427 F.3d 248, 252 (3d Cir.2005). In Mahmood, this Court confirmed that the time for filing a motion to reopen is subject to equitable tolling and that ineffective assistance of counsel can provide the basis for such tolling. See id. at 251. However, this Court further held that Mahmood was not entitled to equitable tolling as he had not exercised the requisite diligence in pursuing his claims. See id. at 252. The BIA here reached a similar conclusion. Assuming Attorney Juneau did provide ineffective assistance, the BIA concluded that petitioners failed to diligently pursue any relief in the period between the BIA’s entry of a final order of removal and Anant’s deportation. Having reached this determination, the BIA concluded that even if their first motion to reopen had been properly prepared by Attorneys Manchanda and Khan, they could not have taken advantage of equitable tolling due to this lack of diligence and therefore, they had not established prejudice attributable to the deficient preparation of the second motion to reopen. See Fadiga v. Attorney General, 488 F.3d 142, 157 (3d Cir.2007) (explaining that once the BIA determines that the Lozada requirements are met, it proceeds to assess whether competent counsel would have acted differently and whether the petitioner was prejudiced by counsel’s actions).
Petitioners contest the BIA’s diligence determination, arguing that it is the date of discovery of the ineffective assistance, not the date of the ineffective assistance itself, that “marks the beginning of the timeline for a finding that the alien has exercised due diligence in pursuing her claim.” (Pet’r Reply Br., 3.) “[I]n order to equitably toll the filing deadline for a motion to reopen based on ineffective assistance of counsel, an alien must demonstrate that he or she has exercised due diligence during the entire period he or she seeks to toll. This includes both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point *281 until the motion to reopen was filed.” Rashid v. Mukasey, 533 F.3d 127, 132 (2d Cir.2008). As the BIA made clear, petitioners set forth six grounds on which they claimed Attorney Juneau’s representation during the initial removal proceedings was deficient. While they may not have been aware of the legal concept of “ineffective assistance of counsel” until meeting with Attorneys Manehanda and Khan at the end of 2006, they were aware of all of the facts underlying their claim for the preceding four years. The fact that they waited until Anant was taken into custody in 2006 to seek a second opinion does not render them unaware of the basis for their claim until that time. As the BIA’s decision was not arbitrary, irrational or contrary to law, we conclude that it acted within its discretion in denying petitioners’ second motion to reopen.
With respect to their motion for reconsideration, the BIA held that rather than specifying any errors of fact or law in its previous decision as required by 8 C.F.R. § 1003.2(b), the motion essentially restated all of the arguments previously made. (A.R.7.) We agree that, under these circumstances, the BIA properly denied the motion for reconsideration. See Nocon v. I.N.S., 789 F.2d 1028, 1033 (3d Cir.1986) (upholding denial of motion for reconsideration as proper exercise of the BIA’s discretion where petitioner failed to meet regulatory requirements).
Finally, for the first time in their opening brief, petitioners raise a claim alleging that they should not have been placed into removal proceedings in 2001 while they were still residing legally in the United States. As the Government argues, this issue is both waived and unexhausted. See 8 U.S.C. § 1252(d)(1); Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir.2003). Accordingly, we will not address it any further.
Based on the foregoing, we will deny the consolidated petitions for review.

. While the letter was dated February 25, 2005, all parties agree that it was written in 2007. (A.R.55, n. 2.)