09-3341-ag
Tikhonova v. Holder

BIA
A077 571 902

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of October, two thousand ten.

PRESENT:
> GUIDO CALABRESI,
> REENA RAGGI,
> PETER W. HALL,
> > *Circuit Judges.*

_____

LARISSA MIKHAILOVNA TIKHONOVA,
> *Petitioner,*

v.                                              09-3341-ag
                                                NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Alexander Tsiring, Brooklyn, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General, Ernesto H. Molina, Jr., Assistant Director, Drew C. Brinkman, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Larissa Mikhailovna Tikhonova, a native of the former U.S.S.R. and citizen of Russia, seeks review of the July 10, 2009, order of the BIA denying her second motion to reopen. *In re Larissa Mikhailovna Tikhonova*, No. A 077 571 902 (B.I.A. July 10, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

**I. Scope of Review**

As a preliminary matter, in her briefs, Tikhonova attempts to challenge all of the decisions the agency rendered in the course of her proceedings. However, we lack jurisdiction to review Tikhonova's challenges to the BIA's June 2008 decision because she did not file a timely petition for review of that decision. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). Additionally, we lack jurisdiction to review both the IJ's November 2002 decision and the BIA's February 2004 decision because we have already once dismissed Tikhonova's petition for review of those decisions. Thus, we limit our review to Tikhonova's challenge to the denial of her second motion to reopen.

2

**II.   The BIA's July 2009 Decision**

The BIA did not abuse its discretion in denying Tikhonova's untimely and number-barred motion to reopen. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).  The regulations provide that "a party may file only one motion to reopen deportation or exclusion proceedings . . . and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later."  8 C.F.R. § 1003.2(c)(2).  Indisputably, Tikhonova's January 2009 motion was untimely and number-barred.  However, the time limitations do not apply if the alien can establish materially "changed circumstances arising in the country of nationality."  8 C.F.R. § 1003.2(c)(3)(ii). Additionally, the time and numerical limitations may be equitably tolled to accommodate claims of ineffective assistance of counsel. *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006).

**A.   Changed Country Conditions**

The BIA reasonably found that Tikhonova's decision to become a Baptist was a changed personal circumstance, not a changed country condition.  *See Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008); *Wei Guang Wang v. BIA*, 437

3

F.3d 270, 274 (2d Cir. 2006). Moreover, we find no merit in Tikhonova's argument that the BIA ignored the evidence she submitted in concluding that she did not otherwise demonstrate changed country conditions. We have rejected the notion that the agency "must expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Wei Guang Wang*, 437 F.3d at 275 (internal quotation marks omitted); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (noting that the Court "presume[s] that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise.").

Moreover, to the extent Tikhonova relies on the 2009 Department of State Report, that document was not submitted to the BIA. Therefore, we decline to consider it in the first instance. 8 U.S.C. § 1252(b)(4)(A); *Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 265-66 (2d Cir. 2007).

As to the BIA's finding that the evidence submitted in support of the motion to reopen was insufficient to demonstrate that country conditions had changed with respect to the treatment of Baptists in Russia, we find that determination to be supported by substantial evidence

4

because, as the BIA found, the evidence submitted identified only isolated attacks and did not establish that Baptists were treated differently than they had been at the time of Tikhonova's original proceedings. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138 (2d Cir. 2008) (holding that this Court reviews the BIA's fact-finding regarding changed country conditions "only for substantial evidence."). Nor, for similar reasons, did the BIA err in determining that Tikhonova failed to establish her *prima facie* eligibility for relief. *See Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005).

**B.    Ineffective Assistance**

The BIA also did not abuse its discretion in declining to equitably toll the filing deadline for Tikhonova's motion to reopen because, as it found, even assuming that her motion was timely and she had satisfied the requirements set forth in *Matter of Lozada,* reopening was not warranted because at her merits hearing she waived any opportunity to apply for withholding of removal and CAT relief. *See Kaur*, 413 F.3d at 233 ("An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established

5

policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.") (quoting *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001)). Although Tikhonova argues that such waiver was not voluntary, that argument is belied by the record. The BIA also found that Tikhonova failed to demonstrate that she was prejudiced by her prior attorneys' representation. *Romero v. INS*, 399 F.3d 109, 112 (2d Cir. 2005); *Matter of Assaad*, 23 I & N Dec. 553 (BIA 2003). Tikhonova does not challenge that finding, waiving any such argument. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk